[Civ. No. 3608. Third Appellate District.—May 26, 1928.]

T. A. TOMASINI, Petitioner, v. EDWARD HYATT, State Engineer, etc., Respondent.

Joseph E. Bien, Frederick Olds, Werner Olds and Stanley Jackson for Petitioner.

THE COURT.—This cause is before us upon the petition of the above-named T. A. Tomasini praying that an order be issued by this court directed to the said Edward Hyatt as State Engineer of the state of California, commanding him to show cause why a writ of mandate should not be granted requiring him to designate the length of spans and width of draw necessary to permit the free flow of water through and under a certain bridge across a portion of San Francisco Bay for the construction of which the petitioner has made application for permission and for a franchise to maintain and operate as a toll bridge.

The line along which the bridge is proposed to be constructed is set forth in the petition, with the beginning point in the town of Sausalito and the point of termination in the town of Belvedere, in the county of Marin, and extends across a portion of the Bay of San Francisco, which portion is a part of the navigable waters of San Francisco Bay.

■ The petition herein is based upon the provisions of a certain act entitled, "An act to provide for bridges across navigable streams and across estuaries, ponds, swamps or arms of bays that may be outside of the line of navigable waters." Approved March 14, 1881 (Stats. 1881, p. 76), as amended by the act of the legislature approved May 26, 1927 (Stats. 1927, p. 1542).

This title limits jurisdiction to navigable streams and such portion of estuaries, fords, etc., that are not navigable, and the amendment approved in 1927 does not, in our opinion, extend the scope or power of jurisdiction, or require the State Engineer to do anything not required of him by the Act of March 14, 1881. Section 4 of the amended act refers only to a bridge across a navigable stream. This definition does not include bays, swamps, or estuaries. A stream of water is defined by Webster as "a current of water flowing as a river, brook, etc., in a continued current or course." Ordinarily, it is understood to be a river having well-defined banks flowing in a continued course, the word "navigable" relating only to the uses that may be made of such stream. Thus, as used in section 4 of the amendatory act of May 26, 1927, it means a navigable river flowing between well-defined channels in a continued course, and does not include any of the other natural objects, conditions, or situations mentioned in the title of the act, and it is only in relation to a navigable stream that the State Engineer is required to designate the width of the draw in a bridge proposed to be constructed. The second paragraph of section 4 of the amendatory act does not extend the Engineer's duties beyond the scope of navigable streams. Section 5 of the act of 1881 only provides for what shall be done with the Engineer's plans, and the giving of certain notices therein specified. Sections 7 and 8 of the original act refer only to bridges built by one or more counties. The circumstances presented here are almost identical with those considered by the United States circuit court of appeals in the case of *Western Pacific R. R. Co.* v. *Southern Pacific Co.*, 151 Fed. 376, where it was held that the words "navigable stream" do not include San Francisco Bay.

Being of the opinion that the act approved March 14, 1881, as amended by the Act of May 26, 1927, does not apply to the bridge on the line proposed to be constructed

by the petitioner, it follows that the application for an order to show cause should be and the same is hereby denied.

A petition for a rehearing of this cause was denied by the district court of appeal on June 4, 1928, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1928.

All the Justices present concurred.